# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRUCE E. KIRKHORN,<br><br>        Plaintiff(s),<br><br>v.<br><br>SVARGA, LLC,<br><br>        Defendant(s). | 2:13-CV-2146 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff Bruce E. Kirkhorn's motion to amend his complaint. (Doc. # 9). Defendant Svarga, LLC filed a response in opposition (doc. # 11), and plaintiff filed a reply (doc. # 12).

**I.    Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182. The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. LR 15-1(a).

**James C. Mahan**
**U.S. District Judge**

1   Rule 16(b) provides that "[a] schedule shall not be modified except upon a showing of good
2   cause and by leave of the district judge." Fed. R. Civ. P. 16(b). *See Johnson v. Mammoth*
3   *Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). If the moving party demonstrates good cause
4   under Rule 16(b), then it must then establish that the proposed amendment is permissible under the
5   factors germane to Rule 15. *Id.* "[T]he existence or degree of prejudice to the party opposing the
6   modification" may supply "additional reasons to deny" a request for leave to amend,  but "the focus
7   of the inquiry is upon the moving party's reason for seeking modification. If that party was not
8   diligent, the inquiry should end." *Id.*

9   Plaintiff seeks leave of the court to file an amended complaint which would add his wife as
10  an additional plaintiff as well as an additional claim for loss of consortium. Plaintiff states that his
11  wife should be allowed to join the action pursuant to Federal Rule of Civil Procedure 20, which
12  permits individuals to join an action if they share common questions of law or fact with all current
13  plaintiffs. Plaintiff has attached his proposed, amended complaint to this motion in compliance with
14  LR 15-1(a).

15  Defendant argues that 18 U.S.C. § 1367(b) prohibits plaintiff's wife from joining this action.
16  This provision states, "In any civil action of which the district courts have original jurisdiction
17  founded solely on section 1332 of this title, the district courts shall not have supplemental
18  jurisdiction . . . over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24
19  of the Federal Rules of Civil Procedure . . . when exercising supplemental jurisdiction over such
20  claims would be inconsistent with the jurisdictional requirements of section 1332."

21  However, defendant's argument is misplaced, as plaintiff is not suggesting that the court
22  exercise jurisdiction over a claim asserted *against* a party added pursuant to Rule 20, as prohibited
23  by the statute. Instead, by joining plaintiff's wife and her claim to this action, the court would
24  exercise supplemental jurisdiction over a claim *by* a party added pursuant to Rule 20. Such an
25  application of jurisdiction is not barred under section 1367(b). Furthermore, adding this additional
26  plaintiff and claim serves the interest of judicial economy and promotes consistency in the
27  adjudication of claims that rely upon common issues of fact.

28

**James C. Mahan**
**U.S. District Judge**

1  Therefore, in consideration of the liberal Rule 15(a) standard, the court finds that plaintiff's motion to amend his complaint has not been made in bad faith, will not cause undue delay or prejudice to defendant, and presents cognizable legal arguments. Additionally, the court finds there is good cause to allow plaintiff to amend his complaint.

**II.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend (doc. # 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff file an amended answer identical to that attached as exhibit 1 to the motion to amend (doc. # 9, ex. 1) within fourteen (14) days of the entry of this order.

DATED March 31, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**