**STEVEN M. BURRIS, ESQ.**
Nevada Bar No. 000603
sb@steveburrislaw.com
**LAW OFFICES OF STEVEN M. BURRIS**
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
(702) 258-6238 - Telephone
(702) 258-8280 - Facsimile
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRUCE E. KIRKHORN, an individual, and KATHLEEN KIRKHORN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SVARGA, LLC, a Nevada limited liability company, d/b/a BAILEY'S HOT SPRINGS & RV PARK; DOES I through X, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-02146-JCM (GWF) |

## FIRST AMENDED COMPLAINT; JURY DEMANDED

Plaintiffs, BRUCE E. KIRKHORN and KATHLEEN KIRKHORN, by and through their attorneys, LAW OFFICES OF STEVEN M. BURRIS, and for their causes of action against the Defendants, and each of them, complain and allege as follows:

## I.

## JURISDICTION AND VENUE

1.    Jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Arizona. Defendant is a limited liability company formed under the laws of the State of Nevada with its principal place of business in Nevada. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2.    Venue is proper pursuant to 28 U.S.C. § 1391.

. . .

. . .

## II.

## PARTIES

3.      At all times relevant herein, Plaintiff BRUCE E. KIRKHORN ("KIRKHORN") was and is a resident of Sedona, Arizona.

4.      At all times relevant herein, Plaintiff KATHLEEN KIRKHORN ("MS. KIRKHORN") was and is a resident of Sedona, Arizona.

5.      KIRKHORN and MS. KIRKHORN are lawfully married.

6.      At all times relevant herein, Defendant, SVARGA, LLC d/b/a BAILEY'S HOT SPRINGS & RV PARK ("SVARGA"), was and is a Nevada limited liability company. Upon information and belief, SVARGA was the owner and operator of a commercial business known as Bailey's Hot Springs & RV Park located in Nye County, Nevada. For a fee, SVARGA invited its guests to soak in pools filled with water from natural mineral hot springs that were located on SVARGA's property.

7.      That the true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES I through X, inclusive, are unknown to the Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs are informed and believe and therefore allege that each of the Defendants designated herein as DOE is legally responsible in some manner for the events and happenings herein referred to and caused damages proximately to Plaintiffs as herein alleged, and Plaintiffs will ask leave of the Court to amend the Complaint to insert the true names and capacities of DOES I through X, inclusive, when the same have been ascertained, and to join such Defendants in the action.

## III.

## FACTUAL ALLEGATIONS

8.      On or about August 20, 2013, KIRKHORN was a guest on SVARGA's property and had paid to soak in the mineral hot pools. After soaking in a mineral hot pool, KIRKHORN stood up and began to move to the top of stairs to dry himself off. Upon doing so, he slipped on a concrete floor that was rendered slick and dangerous due, in part, to a smooth, non-friction surface and a coating of paint that had been applied to the concrete floor's surface. In addition, there were

no rails installed or non-skid strips placed at or near the slick concrete floor next to the pool. As a direct and proximate cause of the negligence of SVARGA, and/or its agents, servants and employees, KIRKHORN slipped causing his body to fall and slam on to the concrete floor. Upon slamming on to the concrete floor, KIRKHORN nearly severed his big toe and suffered severe and debilitating injuries to his right hip and knee.

9.    As a result of the injuries caused by the negligence of SVARGA, its agents, servants and employees, KIRKHORN required emergency transport by Mercy Air Flight from Beatty, Nevada to University Medical Center in Clark County, Nevada ("UMC"). The following day KIRKHORN underwent right hip replacement surgery and surgery to reattach his big toe. Subsequent to the surgery, KIRKHORN was transferred from UMC to Mountain Valley Acute Rehabilitation Hospital in Prescott Valley, Arizona for approximately three weeks of inpatient physical therapy. Upon information and belief, the cost of KIRKHORN's emergency medical transport, surgical hip replacement, surgical reattachment of his big toe and rehabilitation therapy was in excess of $150,000.00.

## IV.

## FIRST CAUSE OF ACTION
### (Negligence)

10.    Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 9 above and incorporate same as if fully set forth herein.

11.    As a direct and proximate result of all of the foregoing negligence of Defendants and/or their agents, servants, and employees, Plaintiff KIRKHORN has been caused to suffer serious bodily injury and pain of mind and body, all to his general damage in excess of One Million Dollars ($1,000,000.00). Said general damages include past and future mental pain and suffering, physical pain and suffering, disability, loss of enjoyment of life, hedonic damages, and loss of household services

12.    As a further direct and proximate result of all the foregoing negligence of Defendants, and/or their agents, servants and employees, Plaintiff KIRHORN has incurred medical bills and has been required, and may be required in the future, to expend sums for medical care

and expenses incidental thereto, in an amount to be determined at the time of trial; furthermore. Plaintiff KIRKHORN has further incurred past and future loss of income and impairment of earning capacity.

**SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

13.   Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 12 above and incorporate same as if fully set forth herein.

14.   That at all times relevant hereto, Plaintiff MS. KIRKHORN is and was the lawful wife of Plaintiff KIRKHORN.

15.   That as a direct and proximate cause of the negligence of the Defendants, and each of them, as set forth herein and, as a direct and proximate cause of the injuries and damages suffered by her Husband Plaintiff KIRKHORN as a result of said negligence, Plaintiff MS. KIRKHORN has been caused to suffer a loss of enjoyment of the marital relationship, a loss of her Husband's household services, companionship and a general loss of consortium, and such damages will continue into the future, all to said Plaintiff MS. KIRKHORN's general damages, both past and future, in an amount in excess of $10,000.00.

WHEREFORE, Plaintiffs expressly reserving the right to amend this Complaint at time of trial of the action herein to include all items of damage not yet ascertained, demands judgment against Defendants as follows:

1.   For general and compensatory damages against Defendants individually, jointly and severally, in accordance with proof at trial, in excess of Ten Thousand Dollars ($10,000.00);

2.   For special damages against Defendants individually, jointly and severally, in accordance with proof at trial, in excess of Ten Thousand Dollars ($10,000.00);

3.   For an award of reasonable attorney's fees;

4.   For the costs of suit incurred herein;

. . .

. . .

5.   For prejudgment and post-judgment interest at the maximum amount allowed by law; and,

6.   For such other and further relief as the Court deems just and proper.

DATED this ___/___ day of April, 2014.

LAW OFFICE OF STEVEN M. BURRIS

By:_____
Steven M. Burris, Esq.
Nevada State Bar No. 000603
sb@steveburrislaw.com
2810 W. Charleston Blvd., Suite F-58
Las Vegas, Nevada  89102
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rules of Civil Procedure 5(b) and LR5-4, I hereby certify that service of the foregoing **FIRST AMENDED COMPLAINT; JURY DEMANDED** was made this date by electronic means and by depositing a true and correct copy of the same for mailing, in a sealed envelope, postage fully prepaid, first class mail, at Las Vegas, Nevada, addressed to the following:

Brian F. Zimmerman, Esq.
Zimmerman Law Firm
7670 W. Lake Mead Blvd., Suite 140
Las Vegas, Nevada 89128
Fax: (702) 228-8917
*Attorneys for Defendant*

at his last known mailing address.

DATED this ___2___ day of April, 2014.

_____
An Employee of Law Offices of Steven M. Burris

TRANSACTION REPORT

APR/02/2014/WED 06:43 AM

FAX(TX)

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|-----|--------|----------|----------|----------|------|-----------|----|------|
| 001 | APR/02 | 06:40AM | 2288917 | 0:02:38 | 5 | MEMORY | OK ECM | 2773 |

STEVEN M. BURRIS, ESQ.
Nevada Bar No. 000603
sb@steveburrislaw.com
LAW OFFICES OF STEVEN M. BURRIS
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
(702) 258-6238 ~ Telephone
(702) 258-8280 ~ Facsimile
*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

\* \* \*

BRUCE E. KIRKHORN, an individual, and
KATHLEEN KIRKHORN, an individual,

Plaintiffs,

vs.

SVARGA, LLC, a Nevada limited liability
company, d/b/a BAILEY'S HOT SPRINGS
& RV PARK; DOES I through X, inclusive,

Defendants.

Case No.: 2:13-cv-02146-JCM (GWF)

### FIRST AMENDED COMPLAINT; JURY DEMANDED

Plaintiffs, BRUCE E. KIRKHORN and KATHLEEN KIRKHORN, by and through their attorneys, LAW OFFICES OF STEVEN M. BURRIS, and for their causes of action against the Defendants, and each of them, complain and allege as follows:

### I.

### JURISDICTION AND VENUE

1.    Jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of Arizona. Defendant is a limited liability company formed under the laws of the State of Nevada with its principal place of business in Nevada. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.