BRIAN F. ZIMMERMAN, ESQ.
Nevada Bar No. 7570
RENEE M. MAXFIELD, ESQ.
Nevada Bar No. 12814
**ZIMMERMAN LAW FIRM, P.C.**
A Professional Corporation
7670 W. Lake Mead Boulevard, Suite 140
Las Vegas, Nevada  89128
(702) 228-8916, (702) 228-8917 (fax)
bzimmerman@za-law.com
*Attorneys for Defendant Svarga, LLC dba Bailey's Hot Springs & RV Park*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| BRUCE E. KIRKHORN, an individual, and KATHLEEN KIRKHORN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SVARGA, LLC, a Nevada limited liability company, d/b/a BAILEY'S HOT SPRINGS & RV PARK; DOES I through X, inclusive, <br><br> Defendants. | CASE NO.: 2:13-cv-02146-JCM-GWF <br><br> **DEFENDANT SVARGA, LLC dba BAILEY'S HOT SPRINGS & RV PARK'S ANSWER TO FIRST AMENDED COMPLAINT** |

COMES NOW, Defendant SVARGA, LLC dba BAILEY'S HOT SPRINGS & RV PARK (hereinafter "Defendant"), by and through its counsel of record, ZIMMERMAN LAW FIRM, P.C., hereby answers Plaintiffs' First Amended Complaint as follows:

## I.
## JURISDICTION AND VENUE

1. Answering Paragraph 1 of Plaintiffs' First Amended Complaint, Defendant admits that Plaintiff is a citizen of Arizona.  Defendant admits that Defendant is a limited liability company formed under the laws of the State of Nevada with its principal place of business in Nevada.

1

Defendant denies the amount of controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2.  Answering Paragraph 2 of Plaintiffs' First Amended Complaint, Defendant denies that venue is proper if the amount in controversy does not exceed the sum or value of $75,000 exclusive of interests and costs.  If the amount in controversy is satisfied, Defendant would admit that venue would be proper in the United States District Court, District of Nevada.

## II.
## PARTIES

3.  Answering Paragraph 3 of Plaintiffs' First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies the same.

4.  Answering Paragraph 4 of Plaintiffs' First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

5.  Answering Paragraph 5 of Plaintiffs' First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies the same.

6.  Answering Paragraph 6 of Plaintiffs' First Amended Complaint, Defendant admits the allegations contained therein.

7.  Answering Paragraph 7 of Plaintiffs' First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies the same.  Defendant asserts DOE Defendants are not proper in United State District Court and this paragraph should be stricken.

/ / /

/ / /

2

### III.
### FACTUAL ALLEGATIONS

8. Answering Paragraph 8 of Plaintiffs' First Amended Complaint, Defendant denies the allegations contained therein.

9. Answering Paragraph 9 of Plaintiffs' First Amended Complaint, Defendant denies the allegations contained therein.

### IV.
### FIRST CAUSE OF ACTION
### (Negligence)

10. Answering Paragraph 10 of Plaintiffs' First Amended Complaint, Defendant repeats and realleges and incorporates herein by reference, each and every response contained in Paragraphs 1 through 9, as though fully set forth herein.

11. Answering Paragraph 11 of Plaintiffs' First Amended Complaint, Defendant denies the allegations contained therein.

12. Answering Paragraph 12 of Plaintiffs' First Amended Complaint, Defendant denies the allegations contained therein.

### SECOND CAUSE OF ACTION
### (Loss of Consortium)

13. Answering Paragraph 13 of Plaintiffs' First Amended Complaint, Defendant repeats and realleges and incorporates herein by reference, each and every response contained in Paragraphs 1 through 12, as though fully set forth herein.

14. Answering Paragraph 14 of Plaintiffs' First Amended Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation and therefore denies the same.

15. Answering Paragraph 15 of Plaintiffs' First Amended Complaint, Defendant denies the allegations contained therein.

///

3

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 1332 the district court does not have jurisdiction in this civil action based on Diversity of Citizenship because the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 1332(b) if the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The First Amended Complaint on file herein fails to state a claim against this answering Defendant upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from asserting a claim against any Defendant in that they failed to mitigate their own damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff Bruce Kirkhorn's alleged damages, if any, were and are, wholly or partially, contributorily or proximately caused by his recklessness and negligence.  If it is proven at time of trial that Plaintiff's contributory negligence is greater than fifty percent, Plaintiff's claims are barred according to principles of comparative negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff Bruce Kirkhorn's negligence exceeds that of this answering Defendant and Plaintiff is, therefore, barred from any recovery according to principles of comparative negligence.

/ / /

4

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped by their own acts or omissions from recovering any damages from this answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from obtaining any recovery against this answering Defendant for any loss suffered by them, if any, in that Plaintiffs have, by their conduct, waived such claims, if any.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are reduced, modified and/or barred by the Doctrines of Laches, Unclean Hands, Estoppel, Waiver and Release.

### TENTH AFFIRMATIVE DEFENSE

The damages referred to in Plaintiffs' First Amended Complaint were proximately caused or contributed to by the negligence of third-parties over whom this answering Defendant had no control.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff Bruce Kirkhorn is barred from obtaining any recovery in that any damages which he suffered were caused by his own negligent or intentional misconduct.

### TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant alleges that the injuries and damages of which Plaintiffs complain, if any, were proximately caused by or contributed to by the acts of other defendants, persons and/or entities and that said acts were an intervening and superseding cause of the injuries and damages, if any, of which the Plaintiffs complain, thus barring Plaintiffs from any recovery against this answering Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant had no notice, actual or constructive, of the alleged condition which Plaintiffs allege caused their injuries, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

This answering Defendant contends that if Plaintiffs suffered any injury or damages as a result of the conduct they attribute to this answering Defendant, Defendant alleges that prior to the incident giving rise to this action, Plaintiff Bruce Kirkhorn was aware of the risks and hazards, if any, at the time and place of the incidents, and that whatever the conditions were at such time and place, they were obvious, discernible, and were in fact known to and by Plaintiff Bruce Kirkhorn, and that he nonetheless freely and voluntarily consented to assume and did assume these risks and hazards, if there were any.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff Bruce Kirkhorn's injuries and damages, if any, were directly and proximately caused by forces of nature over which this answering Defendant had no control.

## SIXTEENTH AFFIRMATIVE DEFENSE

The dangerous condition, if there was one, alleged in Plaintiffs' First Amended Complaint was not created by this answering Defendant. The creation and/or existence of the dangerous condition alleged in Plaintiffs' First Amended Complaint was not foreseeable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes, and on that basis alleges, that any and all injuries, losses or damages, if any, were the direct and proximate result of an unavoidable incident or condition without fault of liability on the part of this answering Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Pursuant to FRCP 12, all possible affirmative defenses may not have been alleged herein insofar as insufficient facts were not available after reasonable inquiry upon the filing of Plaintiffs' First Amended Complaint, and therefore, this answering Defendant reserves the right to amend its Answer to Plaintiffs' First Amended Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

6

WHEREFORE, Defendant, SVARGA, LLC dba BAILEY'S HOT SPRINGS & RV PARK prays for judgment as follows:

1. That Plaintiffs take nothing by way of this action and that the same be dismissed with prejudice;

2. For an award of costs and attorneys' fees for having to defend this action; and

3. For such other and further relief as the Court deems just and proper.

DATED April 9, 2014.

ZIMMERMAN LAW FIRM
A Professional Corporation

BRIAN F. ZIMMERMAN, ESQ., #7570
7670 W. Lake Mead Blvd., Suite 140
Las Vegas, Nevada 89128
Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the ___9___ day of April, 2014, I served a true and correct copy of the foregoing document entitled **DEFENDANT SVARGA, LLC DBA BAILEY'S HOT SPRINGS & RV PARK'S ANSWER TO FIRST AMENDED COMPLAINT** via United States Postal Service, pre-paid and facsimile to the following persons:

Steven M. Burris, Esq.
Law Offices of Steven M. Burris
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, NV 89102
702-258-6238; Facsimile 702-258-8280
Attorney for Plaintiffs

An employee of
**ZIMMERMAN LAW FIRM P.C.**

8

```
TRANSMISSION VERIFICATION REPORT
```

```
                                TIME    : 04/09/2014 15:21
                                NAME    : ZIMMERMAN
                                FAX     : 7022288917
                                TEL     :
                                SER.#   : 000A0N307159
```

```
DATE,TIME              04/09  15:18
FAX NO./NAME           2588280
DURATION               00:02:19
PAGE(S)                09
RESULT                 OK
MODE                   STANDARD
                       ECM
```

BRIAN F. ZIMMERMAN
RENEE M. MAXFIELD

LAW OFFICES OF THE
# ZIMMERMAN LAW FIRM
A PROFESSIONAL CORPORATION
7670 WEST LAKE MEAD BOULEVARD
SUITE 140
LAS VEGAS, NEVADA 89128

TELEPHONE (702) 228-8916
FACSIMILE (702) 228-8917

April 9, 2014

TO:              Steven M. Burris, Esq.

FAX:             258-8280

FROM:            Zimmerman Law Firm P.C.

RE:              **Kirkhorn v. Svarga, LLC dba Bailey's Hot Springs**
                 Case No.:      2:13-cv-02146-JCM-GWF

TOTAL PAGES:     9 including cover sheet

## CONFIDENTIALITY NOTE:

The information contained in this facsimile message is protected by the attorney/client privilege and is confidential information only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone. Thank you.

MESSAGE:

BRIAN F. ZIMMERMAN
RENEE M. MAXFIELD

LAW OFFICES OF THE
# ZIMMERMAN LAW FIRM
A PROFESSIONAL CORPORATION
7670 WEST LAKE MEAD BOULEVARD
SUITE 140
LAS VEGAS, NEVADA 89128

TELEPHONE (702) 228-8916
FACSIMILE (702) 228-8917

April 9, 2014

TO:            Steven M. Burris, Esq.

FAX:           258-8280

FROM:          Zimmerman Law Firm P.C.

RE:            **Kirkhorn v. Svarga, LLC dba Bailey's Hot Springs**
               Case No.:        2:13-cv-02146-JCM-GWF

TOTAL PAGES:   9 including cover sheet

## CONFIDENTIALITY NOTE:

The information contained in this facsimile message is protected by the attorney/client privilege and is confidential information only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone. Thank you.

MESSAGE: